Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| LUZ DELIA FIGUEROA ESTRELLA<br><br>Demandante Peticionaria<br><br>v.<br><br>IRIS J. LLERAS MELÉNDEZ Y OTROS<br><br>Demandadas Recurridas | KLCE202301165 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2022CV03225 (Salón 703)<br><br>Sobre: Acometimiento o Agresión |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 27 de noviembre de 2023.

Comparece la señora Luz Delia Figueroa Estrella (señora Figueroa Estrella o peticionaria) mediante una *Petición de Certiorari*. En su recurso, nos solicita que revoquemos una *Resolución* emitida el 6 de octubre de 2023 y notificada el 10 de octubre de 2023 por el Tribunal de Primera Instancia (TPI), Sala de Bayamón. La referida determinación declaró no ha lugar a la *Moción al Amparo de la Regla 42.2 de Procedimiento Civil* presentada por la peticionaria. Examinado el recurso ante nuestra consideración, denegamos su expedición.

El 22 de junio de 2022, la señora Figueroa Estrella presentó una *Demanda* de daños y perjuicios contra la señora Lizbeth Nieves Molina (señora Nieves Molina o recurrida) y otras dos personas por una alegada agresión física ocasionada durante un altercado. La recurrida sometió su *Contestación a Demanda*. En su escrito alegó no haber sido

Número Identificador

RES2023 _____

emplazada conforme a derecho. Así las cosas, radicó una *Moción Solicitando Desestimación* de la causa de acción presentada en su contra. El 14 de julio de 2023, el foro primario dictó una *Sentencia Parcial*, notificada el 18 de julio de 2023, desestimando sin perjuicio la reclamación en su contra. Luego del aludido dictamen, la peticionaria no sometió solicitud de reconsideración ni recurso apelativo.

El 28 de agosto de 2023, la señora Figueroa Estrella presentó una *Moción para Restituir Demandada* sin aducir fundamento legal alguno. En este documento, solicitó que el tribunal expidiera un nuevo emplazamiento para reinstalar a la recurrida a su pleito. El TPI declaró no ha lugar a dicha solicitud. En consecuencia, el 14 de septiembre de 2023, la peticionaria radicó una *Moción de Reconsideración*. El foro primario emitió una *Orden* declarando no ha lugar. Luego modificó la determinación anterior y puntualizó lo siguiente:

> EL 18 DE JULIO DE 2023 ESTE TRIBUNAL DICTÓ SENTENCIA PARCIAL, VÉASE ETRADA #29 DE SUMAC. HABIENDO TRANSCURRIDO EN EXCESO DE 50 DÍAS DESDE QUE SE DICTÓ SENTENCIA PARCIAL, EL 14 DE SEPTIEMBRE DE 2023 LA PARTE DEMANDANTE PRESENTÓ SOLICITUD DE RECONSIDERACIÓN, VÉASE ENTRADA #37. ESE MISMO DÍA (14 DE SEPTIEMBRE DE 2023) ATENDIMOS LA RECONSIDERACIÓN Y RESOLVIMOS: "NADA QUE PROVEER. NOS SOSTENEMOS EN LA DETERMINACION". SIN EMBARGO, EL DICTAMEN SE NOTIFICÓ MEDIANTE ORDEN Y NO COMO RESOLUCIÓN. SIRVA LA PRESENTE RESOLUCIÓN PARA SUBSANAR EL ERROR EN LA NOTIFICACIÓN.

Inconforme con tal determinación, la peticionaria presentó una *Moción al Amparo de la Regla 49.2 de Procedimiento Civil*. En su petición, adujo que la recurrida se sometió voluntariamente a la jurisdicción del tribunal, y que ésta era una parte indispensable a tenor con la Regla 16.1 de Procedimiento Civil. Por lo anterior, planteó que el tribunal cometió un error de juicio o negligencia excusable en el dictamen de la *Sentencia Parcial*. Evaluada dicha petición, el foro

primario emitió una *Resolución* en la cual declaró no ha lugar al relevo de sentencia.

En desacuerdo con tal proceder, la señora Figueroa Estrella presentó ante este Tribunal una *Moción Solicitando Paralización de los Procedimientos en Auxilio de Jurisdicción* y una *Petición de Certiorari*. El 23 de octubre de 2023, declaramos no ha lugar a su solicitud de auxilio de jurisdicción. En cuanto a la petición de *certiorari*, señaló que no presentó reconsideración de la *Sentencia Parcial* por entender que el tribunal reinstalaría a la recurrida a su demanda mediante la expedición del correspondiente emplazamiento. Argumentó que procedía la concesión del relevo de sentencia bajo el fundamento de error, negligencia excusable o sorpresa. Por su parte, la recurrida sometió un escrito intitulado *Memorando en Oposición a Expedición de Certiorari*. En este documento, alegó que no había sido emplazada. Por tanto, reiteró que actuó correctamente el TPI al desestimar la causa de acción instada en su contra mediante la *Sentencia Parcial* impugnada.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una determinación de un tribunal inferior. *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994 (2021), Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva de este recurso "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Rivera Gómez v. Arcos Dorados Puerto Rico*, 2023 TSPR 65, 212 DPR _; *IG Builders et al.* v. *BBVAPR,* 185 DPR 307, 338 (2012).

Ahora bien, el ejercicio de esta discreción no es absoluto. A esos fines, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, nos concede la facultad para revisar resoluciones u órdenes interlocutorias, entre otros. No obstante, las resoluciones post-sentencia no están comprendidas bajo los incisos de la regla mencionada.

Por su parte, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, delimita los criterios para la expedición de un auto de *certiorari*. Tales criterios orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional. *Rivera Gómez v. Arcos Dorados Puerto Rico, supra.* A su vez, la aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *Rivera Gómez v. Arcos Dorados Puerto Rico, supra*; *800 Ponce de León v. American International*, 205 DPR 163 (2020).

Por otro lado, la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. III, provee un mecanismo procesal para solicitar al foro primario el relevo de los efectos de una sentencia siempre y cuando medien los fundamentos legales. *García Colón v. Sucn. González*, 178 DPR 527 (2010); *De Jesús Viñas v. González Lugo*, 170 DPR 499 (2007). La concesión del relevo de sentencia es un asunto altamente discrecional, por lo que, es necesario demostrar que existen razones que justifican el remedio solicitado. *Reyes v. ELA et al*., 155 DPR 799 (2001). No obstante, la precitada regla debe "ser interpretada liberalmente y cualquier duda debe ser resuelta a favor de la parte que solicita que se deje sin efecto la sentencia". *Náter v. Ramos*, 162 DPR 616, 625 (2004). Véase, también, *Díaz v. Tribunal Superior*, 93 DPR 79 (1966).

Ahora bien, el reconocimiento de esta acción no es una llave maestra para dejar sin efecto sentencias válidamente dictadas. *Rivera v. Jaume*, 57 DPR 562 (2002). No es suficiente alegar que la omisión que dio lugar al dictamen de la sentencia se debió a error, inadvertencia, sorpresa o negligencia excusable. *Peña Lacern v. Martínez Hernández*, 210 DPR 425 (2022); *García Colón v. Sucn. González, supra.* La parte solicitante debe indicar los hechos y las causas específicas que constituyen la justificación de la omisión. Íd. En tales circunstancias, le corresponde al tribunal realizar un análisis y un balance racional y justiciero de todo el expediente del caso para determinar si bajo las circunstancias específicas del caso hubo error, inadvertencia o sorpresa. *Peña Lacern v. Martínez Hernández*, *supra*; *Dávila v. Hosp. San Miguel*, *Inc.* 117 DPR 807 (1986).

En cuanto a error como fundamento, éste deber ser extrínseco a la sentencia u orden ya sea de la parte promovente, la parte adversa o el juez. *García Colón v. Sucn. González*, *supra*. (citando a R. Hernández Colón, *Práctica jurídica de Puerto Rico: Derecho Procesal Civil*, 4ta ed., San Juan, Ed. LexisNexis, 2007, p. 353). Resulta necesario que "la parte que alega la comisión del error, presente la prueba extrínseca a los autos que lo acredita". Íd. pág. 542. No obstante, la solicitud de relevo de sentencia no está disponible para corregir errores de derecho o errores de apreciación o valoración de la prueba. *Peña Lacern v. Martínez Hernández*, *supra*; *García Colón v. Sucn. González*, *supra.*

Por último, conviene destacar que el remedio de relevo de sentencia no está disponible para dilucidar cuestiones sustantivas que debieron presentarse en reconsideración o un recurso de revisión

apelativa. *Peña Lacern v. Martínez Hernández*, *supra*; *Reyes v. ELA et al*., *supra*.

Tras examinar la totalidad del expediente, no encontramos criterios que faculten a este tribunal a revisar la Resolución post-sentencia de conformidad a la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. Tampoco hallamos motivos para intervenir en la determinación recurrida a la luz de Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

En el presente caso la señora Figueroa Estrella no presentó una solicitud de reconsideración o un recurso de apelación luego del dictamen de la *Sentencia Parcial,* el cual desestimó sin perjuicio su causa de acción instada en contra de la señora Nieves Molina. Ante tales hechos, solamente adujo que no peticionó tales recursos por entender que el tribunal expediría el correspondiente emplazamiento para reinstalar a la demandada-recurrida a su reclamación. Hemos evaluado sus señalamientos, sin embargo, no nos ha persuadido para justificar nuestra intervención en la determinación judicial recurrida.

Recordemos, pues, que el relevo de sentencia es un remedio altamente discrecional, y no constituye un mecanismo sustitutivo del recurso de apelación o de la reconsideración. *Peña Lacern v. Martínez Hernández, supra; Reyes v. ELA et al*., *supra*. En ese sentido, le correspondía a la peticionaria emplear los recursos ordinarios que provee nuestro ordenamiento jurídico para dilucidar sus planteamientos en torno al dictamen de la *Sentencia Parcial*. En vista de lo anterior, no advertimos actuación que comporte error, prejuicio o parcialidad que fundamente la expedición del auto solicitado.

Por los fundamentos expuestos, denegamos la expedición del auto discrecional.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones

La Jueza Álvarez Esnard concurre sin escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones